UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATE OF AMERICA** | **CRIMINAL INDICTMENT NO.** |
| V. | 4:20-CR-056 |
| **SERENDIPITY BUSINESS SOLUTIONS, LLC, et al.** | |

**MOTION FOR ORDER ALLOWING THE GOVERNMENT
TO MAINTAIN CUSTODY OF SEIZED PROPERTY
PURSUANT TO 18 U.S.C. § 983(A)(3)(B)(ii)(II)**

The United States of America, by Bobby L. Christine, United States Attorney, and Xavier A. Cunningham, Assistant United States Attorney, for the Southern District of Georgia, hereby moves this Court for an order permitting the United States to maintain custody of property already in the government's lawful custody pending the resolution of this criminal case. In support of its motion, the United States submits as follows:

BACKGROUND

On July 8, 2020, a federal grand jury presiding in the Southern District of Georgia returned a sealed indictment charging the following defendants for their role in this conspiracy to engage in wire and mail fraud, drug trafficking, and money laundering: (1) Serendipity Business Solutions, LLC; (2) Terry Xing Zhao Wu; (3) Natalie Ye Man Chan Wu; (4) Woonjin Lam; (5) Anthony Wu; (6) Billy Chen; (7) Ying Le Pang; (8) Phoenix Fisheries, LLC; (9) Mark Leon Harrison; (10) Heather Huong Ngoc Luu; (11) Lam Phuoc Quang; (12) Kevin Chinh Nguyen; (13) Elias Samuel

Castellanos; and (14) Terry Louis Shook (Collective, the "Defendants").  *See* Doc. 3 (the Indictment was unsealed on August 26, 2020 (Doc. 98).

Indictment contained a Forfeiture Allegation seeking forfeiture pursuant to Title 18, United Sates Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property real or personal, which constitutes or is derived from proceeds traceable to the alleged specified unlawful activity, or traceable to a conspiracy to commit such offense.  *See* Doc 3 at 34. Additionally, the Forfeiture Allegation sought forfeiture pursuant to Title 21, United States Code, Section 853, of any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, and any of the person's property used, or intended to be used in any manner or part, to commit, or facilitate the commission of the charged offenses.  *See* Doc. 3 at 35.

On or about August 26, 2020, agents with the United States Drug Enforcement Administration ("DEA") executed a search and seizure warrant which resulted in seizure of the $3,031,059.45 (hereinafter, the "Seized Asset") seized from JP Morgan Chase Bank Account ending in 5012.

On November 9, 2020, the Government filed a Bill of Particulars (Doc. 245) in order to comply with its notice requirements pursuant to the Federal Rules of Criminal Procedure Rule 32.2.  See *United States v. Strissel,* 920 F.2d 1162, 1166 (4th Cir.1990) (A bill of particulars is an appropriate way to pinpoint certain assets, noted in the indictment, as subject to forfeiture.)

**ARGUMENT AND CITATIONS**

Here, because the United States chose to commence a criminal action containing a forfeiture allegation related to property that is already in Government custody, the United States must now "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." *See* 18 U.S.C. § 983(a)(3)(B)(ii)(II). To achieve this goal, the Government files the present motion.

The applicable criminal forfeiture statutes here are Title 18, United Sates Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and to Title 21, United States Code, Section 853. Title 21, United States Code, Section 853 outlines several methods that a court may employ to preserve property for the purpose of criminal forfeiture, including, the issuance of a seizure warrant, restraining order or injunction, or "any other action to preserve the availability of the property . . . for forfeiture." 21 U.S.C. § 853(e)(1) & (f).

A seizure warrant, restraining order or injunction is not required for the Government to maintain custody of property already in its custody. The Government only needs to obtain a criminal indictment containing a forfeiture allegation and represent that it will preserve the property already in custody in order to obtain a 21 U.S.C. § 853(e) court order for the maintenance of property already in Government custody. *See, e.g., United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *2 (D. Md. Jan. 24, 2013). If property is already in Government

custody, a Section 853(f) seizure warrant is not necessary or appropriate. *See In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d 1325-1326 (M.D. Fla. 2001).

Instead, a court may appropriately issue an order that permits the United States to maintain the seized property in Government custody until the resolution of the criminal case:

> Where the Government [represents that it has taken seized property into custody for purpose of forfeiture and that it will preserve that property until resolution of criminal case and related criminal forfeiture proceedings], the only court order needed to preserve the Government's right to maintain custody of the property for the purposes of Section 983(a)(3)(B)(ii)(II) is a 'housekeeping' order providing that the Government may continue to maintain custody of the seized asset until the criminal case is concluded.

*See United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *2 (D. Md. Jan. 24, 2013) (quotations omitted). The 21 U.S.C. § 853(e)(1) provision that authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture "applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to Federal search and seizure warrants, and State search warrants, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II)." *See United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007). In *Standridge*, the court entered an order preserving seized funds for forfeiture where the Government had obtained a criminal indictment containing an allegation that the property was subject to forfeiture and took steps necessary to preserve the Government's right to maintain custody of the seized property under 21 U.S.C. § 853(e) by filing a motion for an order to continue to maintain custody of property. *See United States v. Standridge*, 2007 WL 2572207, at

*2 (M.D. Fla. Sept. 5, 2007). If property is already in Government custody, a court cannot issue a seizure warrant and is not required to issue an injunction or restraining order, but only an order that will "assure the availability of the property." *See In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d at 1325.

Thus, the Government previously took the Seized Asset into custody for forfeiture and hereby represents that it will preserve it for forfeiture, until the criminal case is resolved, including any criminal ancillary forfeiture proceedings, this Court is authorized to issue an order allowing the Government to continue to maintain custody of such property until the criminal case is concluded. *See Scarmazzo*, 2007 WL 587183 at 3.

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1) that (1) directs the United States to maintain custody of the Seized Asset through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and (2) finds that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 10th day of November, 2020.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Xavier A. Cunningham*
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 10th of November 2020.

*/s/ Xavier A. Cunningham*

Xavier A. Cunningham
Assistant United States Attorney